UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN FULK,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>          Defendant. | Case No. 2:25-cv-01573-CKD<br><br>ORDER GRANTING DEFENDANTS UNITED STATES AIR FORCE AND BEALE AIR FORCE BASE'S MOTION TO DISMISS<br><br>(ECF No. 8) |

Pending before the Court is Defendants United States Air Force and Beale Air Force Base's motion to dismiss. (ECF No. 8.) Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacates the February 18, 2026 hearing.[1]

For the reasons that follow, the Court ORDERS dismissal of Defendants United States Air Force and Beale Air Force Base.

///

///

///

///

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 7, 11, 12.)

1

## I.   BACKGROUND

### A.   Factual Allegations[2]

On December 3, 2023, Plaintiff Karen Fulk was struck by a vehicle driven by Defendant Joseph Quintanilla Wusstig. FAC at 5. Defendant Wusstig is an employee of the United States Air Force. *Id*. Plaintiff claims that at the time of the accident, Defendant Wusstig was driving within the scope of his employment. *Id*.

On May 31, 2024, Plaintiff filed a Standard Form 95 claim for damage, injury, or death. *Id*. This claim was accepted and received by an officer of Defendant Beale Air Force Base on July 18, 2024. *Id*.

Plaintiff contacted Defendant Beale Air Force Base to follow up on her claim on October 11, 2024, and January 21, 2025. *Id*. On January 21, 2025, Plaintiff informed an attorney at the General Torts Branch that if she did not receive confirmation within ten days that an investigation into her claim was complete, Plaintiff would move forward with a lawsuit. *Id*. Plaintiff alleges to have not received any response regarding the disposition of her claim. *Id*.

### B.   Procedural Posture

On June 5, 2025, Plaintiff filed a Complaint against Defendants United States of America, Devyn Joseph Quintanilla Wusstig, and Does 1 through 100. (ECF No. 1). On June 16, 2025, Plaintiff filed a First Amended Complaint ("FAC") adding United States Air Force and Beale Air Force Base as Defendants. (ECF No. 4.) The FAC alleges injury under Federal Tort Claims Act ("FTCA"). *Id*. at 3. On December 8, 2025, Defendant United States of America filed an Answer. (ECF No. 9.) On December 12, 2025, Defendants United States Air Force and Beale Air Force Base filed a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 8.) On January 5, 2026, Defendants filed a notice of Plaintiff's non-opposition to the motion to dismiss. (ECF No. 13.)

/ / /

---

[2] These facts primarily derive from the FAC (ECF No. 4), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

## II.    LEGAL STANDARDS

### A.    Subject Matter Jurisdiction under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

## III.    DISCUSSION

Defendants United States Air Force and Beale Air Force Base move to dismiss for lack of subject matter jurisdiction, arguing that the United States has not waived sovereign immunity allowing for each Defendant to be sued under the FTCA. *See* Mot. to Dismiss. The Court agrees.

Under the doctrine of sovereign immunity, the United States may not be sued without its consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). If the United States has not consented to be sued, an action is barred because the court has no subject matter jurisdiction to hear the case. *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003).

The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Levin v. U.S.*, 568 U.S. 503, 506 (2013) (quotation omitted). Under the FTCA, district courts have exclusive jurisdiction "over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." *Id.* (quoting 28

U.S.C. § 1346(b)). "[T]he United States is the only proper party defendant in an FTCA action. . ." *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998).

The waiver of sovereign immunity under the FTCA is not extended to federal agencies. 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue or be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title. . .").

Here, Plaintiff added United States Air Force and Beale Air Force Base in the FAC as Defendants. FAC at 2-3. Plaintiff is suing these Defendants exclusively under the FTCA. *Id*. at 3. Because the United States is the only permissible party in an FTCA action, Plaintiff's claims against these Defendants are barred by sovereign immunity. *Kennedy*, 145 F.3d at 1078. Accordingly, the Court dismisses Plaintiff's claims against Defendants for lack of subject matter jurisdiction.

## IV.    LEAVE TO AMEND

For the reasons discussed above, the FAC is subject to dismissal under Rule 12(b)(1). However, Plaintiff will be granted another opportunity to amend the complaint.

If Plaintiff chooses to amend the complaint, Plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).

In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.      Defendants United States Air Force and Beale Air Force Base's motion to dismiss (ECF No. 8) is GRANTED.

4

2.   The February 18, 2026, hearing is VACATED;

3.    The FAC (ECF No. 4) is dismissed for lack of subject matter jurisdiction;

4.   No later than thirty (30) days from the date of this order, Plaintiff shall file an amended complaint as set forth above; and

5.   Failure to timely file an amended complaint may result in sanctions including dismissal of this action.

Dated:  February 12, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, fulk.1573

5